**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Reverend BECK,                                                                                  Civil No. 05-2114 (RHK/FLN)

      Petitioner,

v.                                                                                                            **ORDER**

Warden ROBERT FENEIS,

      Respondent.

      Petitioner commenced this action by filing a petition for writ of habeas corpus. The matter was assigned to Magistrate Judge Franklin L. Noel, who recommended that this action be summarily dismissed, because Petitioner did not show any proper grounds for granting the writ. (Report and Recommendation, ["R&R"], dated September 23, 2005, [Docket No. 4].) By order dated October 6, 2005, (Docket No. 7), the Court adopted the R&R, and ordered that this action be dismissed.

      On October 14, 2005, Petitioner filed a document that has been construed to be both a Notice of Appeal and an application for a Certificate of Appealability. (Docket Nos. 9 and 10.) Petitioner has also filed an application to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 11.) Thus, the matter is presently before the Court to determine (a) whether Petitioner should be granted IFP status on appeal, and (b) whether Petitioner should be granted a Certificate of Appealability.

      A.   IFP Application

      A litigant who seeks to be excused from paying the $255 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. §

1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken "in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Although Petitioner is employed at the prison where he is currently confined, he apparently earns only nominal wages from his job and has no meaningful income that would allow him to pre-pay the full $255 filing fee for his appeal. He also represents that he has no assets that could be used to pay the filing fee. Therefore, based on the information furnished in Petitioner's IFP application, the Court finds that Petitioner is financially eligible for IFP status.

Although the Court remains fully satisfied that Petitioner's habeas corpus petition was properly dismissed for the reasons explained in the R&R, the Court does not find Petitioner's appeal to be legally "frivolous," as that term has been defined by the Supreme Court. Thus, the Court concludes that Petitioner's appeal is taken "in good faith" for purposes 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), and that his application for IFP status on appeal should be granted.[1]

---

[1] This Court has previously determined that Petitioner has suffered three strikes against him for purposes of the "three-strikes rule" prescribed by 28 U.S.C. § 1915(g), which makes him ineligible for IFP status in most civil actions and appeals. However, federal courts have generally declined to apply the three-strikes rule to habeas cases, (see Walker v. O'Brien, 216 F.3d 626, 634 (7th Cir.), cert. denied, 531 U.S. 1029 (2000); Williams v. Neet, 5 Fed.Appx. 804, 805 (10th Cir. 2001) (unpublished opinion)), and the Court will follow that course here.

B. Certificate Of Appealability

A person in state custody is not permitted to appeal a final order in a habeas corpus proceeding without first securing a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the habeas petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also, Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate"). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994), citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'") (citation omitted).

In this case, the Court finds that Petitioner has not made a substantial showing of the denial of any

constitutional right.  His petition for writ of habeas corpus was properly dismissed for the reasons set forth in the Magistrate Judge's R&R.  He has not shown any proper grounds for granting him a writ of habeas corpus, and he has not identified anything novel, noteworthy or worrisome about his case that might cause it to warrant appellate review.  The Court finds no reason to think that any other court – including the Eighth Circuit Court of Appeals – could decide this case any differently than it was decided here.  Thus, the Court concludes that Petitioner is not entitled to a COA in this matter.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1.  Petitioner's application for leave to proceed in forma pauperis on appeal, (Docket No. 11), is GRANTED; and

2.  Petitioner's application for a Certificate of Appealability in this matter, (Docket No. 10), is DENIED.

Dated: November  17 , 2005

s/Richard H. Kyle
RICHARD H. KYLE
United States District Court Judge